```
                                                     FILED IN THE
                                                  U.S. DISTRICT COURT
                                              EASTERN DISTRICT OF WASHINGTON

                                                   Jun 05, 2017
                                                SEAN F. McAVOY, CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM R. SWEET, | No. 4:17-CV-5014-SMJ |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| EMPLOYMENT DEVELOPMENT DEPARTMENT; JOSE DOE; CALIFORNIA STATE FRANCHISE TAX BOARD; and DOES 1 TO 100, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff William Sweet alleges statutory and common law claims against the California State Franchise Tax Board (FTB), the Employment Development Department (EDD), and unnamed individual defendants relating to the defendants attempts to collect unpaid income tax and unemployment contributions from Sweet. FTB and EDD (collectively Defendants) have filed motions to dismiss Sweet's Amended Complaint.[1] ECF Nos. 6, 7. Defendants assert four alternative bases for

---

[1] EDD earlier filed a Motion to Dismiss Plaintiff's initial complaint. ECF No. 5. Because Plaintiff has filed an amended complaint, this motion is denied as moot.

ORDER - 1

dismissal: (1) that this Court lacks jurisdiction under the Tax Injunction Act, 28 U.S.C. § 1341; (2) that FTB and EDD are immune from suit under the Eleventh Amendment; (3) that under the principle of comity, the Court should refrain from ruling on complex issues of California tax law; and (4) that Sweet fails to allege sufficient facts to state a claim for relief. ECF No. 6 at 2. Because this Court lacks jurisdiction under the Tax Injunction Act, it is unnecessary to consider FTB and EDD's alternative arguments. Accordingly, the Court grant's Defendants' motions to dismiss. [3] Because amendment would be futile, Sweet's claims are dismissed with prejudice.

## II. BACKGROUND

Sweet is a resident of Benton County, Washington, and formerly operated a business in California employing at least one person. ECF No. 4 at 2–3. After moving to Washington, Sweet allegedly received a call from Defendant Jose Doe (Jose) concerning unemployment benefits for a past employee of Sweet, Maria Huchapan. ECF No. 4 at 3. Sweet told Jose that Huchapan had been self-employed and had not been employed by Sweet for several years. ECF No. 4 at 3.

---

[2] Sweet has not identified or served any of the unnamed defendants or "Jose Doe." Additionally, Sweet represents that he "is seeking no actions or remains against [Jose Doe] because [Sweet] has no knowledge [Jose Doe] had any intentional intent to harm [Sweet]." Accordingly, the claims against these defendants are also dismissed.

[3] The Court finds that oral argument is unnecessary to aid its decision in this matter and therefore strike's the hearing set for Friday, June 9, 2017, at 10:00 a.m.

Jose informed Sweet that Huchapan would receive unemployment. ECF No. 4 at 3. Sweet alleges that Jose improperly granted Huchapan unemployment benefits because she was Hispanic and a woman. ECF No. 4 at 3. Sweet further alleges that Jose discriminated against him because he was a white male. ECF No. 4 at 4. Sweet alleges that he did not receive any notice concerning the taxes he allegedly owes, and he alleges that defendants intentionally ignored information concerning his changed address in order to obtain a judgment against him. ECF No. 4 at 4.

The State of California assessed income tax and unemployment insurance contributions against Sweet's business. ECF No. 4 at 3–4. FTD and EDD held Sweet personally responsible for taxes and contributions not paid by his business and levied Sweet's bank account to collect the unpaid amounts. ECF No. 4 at 4, 6.

Sweet alleges that he is not liable for the alleged unpaid unemployment contributions, that the Defendants abused the court system in order to obtain an unlawful judgment against him, and that they intentionally misrepresented facts. ECF No. 4 at 2–3, 5.

The Court construes Sweet's complaint as asserting four substantive claims against the defendants: (1) that the defendants violated consumer protection laws by levying his bank account to collect unpaid taxes; (2) that the defendants violated his Fourteenth Amendment due process rights by failing to provide adequate notice of court proceedings; (3) that the defendants conducted an

ORDER - 3

unreasonable search and seizure of Sweet's bank account; and (4) that the defendants conspired to commit fraud by attempting to collect Sweet's unpaid taxes.

### III. LEGAL STANDARD

A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). The burden of establishing that the Court has jurisdiction is on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### IV. DISCUSSION

FTB argues that under the Tax Injunction Act, this Court lacks jurisdiction to grant the relief requested by Sweet. ECF No. 6 at 4. The Act provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where plain, speedy and efficient remedy may be had in the court of such State." 28 U.S.C. § 1341. The Act applies to claims for injunctive, declaratory, or monetary relief, *Marvin F. Poer & Co. v. Cntys. of Alemeda*, 725 F.2d 1234, 1235 (9th Cir. 1984), and to constitutional claims, *Amarok Corp. v. State of Nev., Dep't of Taxation*, 935 F.2d 1068, 1069–70 (9th Cir. 1991). An exception exists only where there is no adequate state remedy. *See* 28 U.S.C. § 1341.

Under California law, where FTB finds a tax deficiency, it must mail a notice of proposed deficiency to the taxpayer, after which the taxpayer has 60 days to protest. Cal. Rev. & Tax. Code § 19041. If the taxpayer fails to timely protest, the amount of the proposed deficiency assessment becomes final. *Id.* § 19042. Tax assessments become delinquent if not paid within 15 days of mailing the notice of demand for payment. *Id.* § 19049. If the taxpayer fails to pay the deficiency by that time, the amount of the deficiency becomes an enforceable state tax lien subject to collection. *Id.* § 19221. At that time, the taxpayer may still challenge the assessment by paying the tax under protest, filing an administrative claim for refund, and bringing a lawsuit for a refund. *Id.* § 19306, 19382.

A similar scheme applies to unpaid unemployment contributions. If EDD is not satisfied by an employer's report on its wage earner contributions, EDD may compute and assess a deficiency against the employer. Cal. Unempl. Ins. Code §1127. After paying a deficiency, the taxpayer may file a claim for a refund with EDD. *Id.* § 1178(d)(e). If the claim is denied, the taxpayer may appeal to the Unemployment Insurance Appeal Board, *Id.* § 1224, and if the Board affirms EDD's decision, the taxpayer may file an action in state court. *Id.* § 1241(a). Unemployment insurance contributions are considered taxes under California and federal law. *See Cal. v. Grace Brethren Church*, 457 U.S. 393, 413–16 (1982).

The Supreme Court and Ninth Circuit have held that the California's Revenue and Taxation Code's "refund procedures constitute a plain, speedy, and efficient remedy." *Franchise Tax Bd. of Cal. v. Alcan Aluminium Ltd.*, 493 U.S. 331, 338 (1990); *Jerron West, Inc. v. State of Cal., State Bd. of Equalization*, 129 F.3d 1334, 1339 (9th Cir. 1997). The Supreme Court reached the same conclusion with respect to California's Unemployment Insurance Code's remedy. *Grace Brethren Church*, 457 U.S. at 415. Importantly, the Court noted that "[n]othing in this scheme prevents the taxpayer from raising any and all constitutional objections to the tax in the state courts." *Id.* at 414.

Because the California Revenue and Taxation Code and Unemployment Insurance Code provide a plain, speedy, and efficient remedy to aggrieved taxpayers, no exception to the Tax Injunction Act's jurisdictional provision applies here.

### V. CONCLUSION

Mr. Sweet's claims, especially his racial-bias and conspiracy claims, are facially absurd, but the Court need not address the substance of those claims because the Court lacks jurisdiction.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant California State Franchise Tax Board's Motion to Dismiss Amended Complaint, **ECF No. 6**, is **GRANTED**.

**2.** Defendant Employment Development Department's Motion to Dismiss Amended Complaint, **ECF No. 7**, is **GRANTED.**

**3.** Defendant Employment Development Department's Motion to Dismiss Complaint, **ECF No. 5**, is **DENIED AS MOOT**.

**4.** All claims are **DISMISSED WITH PREJUDICE**, with all parties to bear their own costs and attorney's fees.

**5.** All hearings and other deadlines are **STRICKEN**.

**6.** The Clerk's Office is directed to **ENTER JUDGMENT** consistent with this order and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to pro se plaintiff and all counsel.

**DATED** this 5th day of June 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge